# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CHTAAZ OCHOSI URIEL BEY,

    Plaintiff,

v.                                                         Case No: 6:18-mc-39-Orl-40TBS

SECRETARY, US DEPARTMENT OF STATE and SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

    Defendants.
_____/

## ORDER

This cause comes before the Court on the following:

1. Plaintiff's Memorandum to Waive All United States District Court Document Fees, construed as a motion for leave to proceed *in forma pauperis* (Doc. 2), filed June 8, 2018;

2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 3), filed June 11, 2018; and

3. Plaintiff's Objection to Report and Recommendation (Doc. 4), filed June 22, 2018.

With briefing complete, the matter is ripe. Upon consideration, the case is due to be dismissed.

## I. BACKGROUND

On June 8, 2018, Claimant filed a paper entitled "Emergency Diplomatic Relations," which the Court construes as a complaint (Doc. 1).[1] Attached to the Complaint were three exhibits. (Docs. 1-1 through 1-3). As Magistrate Judge Smith aptly put it, "these papers are incomprehensible gibberish." (Doc. 3, p. 2). Magistrate Judge Smith's Report recommends that the complaint be dismissed for failure to state a plausible claim and failure to establish subject matter jurisdiction. (*Id.* at pp. 2–5).

Plaintiff filed an Objection to the Report and Recommendation on June 22, 2018. (Doc. 4). Like his earlier papers, Plaintiff's Objection is unintelligible. The Objection first makes reference to a federal statute that deals with the rights and duties of fiduciaries. (Doc. 4, p. 1). The Objection then seemingly asserts that the undersigned and Magistrate Judge should recuse themselves from this case. (*Id.* at p. 2). Interestingly, Plaintiff next attempts to turn the tables by advancing five questions to be "answered by the court on the record." (*Id.*).

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report,

---

[1] This case is one of four cases filed in this Court by Plaintiff on June 8, 2018, in which Plaintiff named as Defendants "Mike Pompeo, D.B.A. United States Department State Secretary" and "Kirstjen M. Nielsen, D.B.A. Department of Homeland Security Secretary." Case Nos. 6:18-mc-37-Orl-40KRS, 6:18-mc-38-Orl-41TBS, 6:18-mc-39-Orl-40TBS, and 6:18-mc-40-Orl-37TBS.

as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. DISCUSSION

Magistrate Judge Smith's Report recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (Doc. 3, pp. 2–4). Before allowing a plaintiff to proceed *in forma pauperis* (without paying a fee), the Court must review the complaint for certain defects. 28 U.S.C. § 1915(e)(2). Namely, if a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant, the Court must dismiss it. *Id.*

Upon *de novo* review, the Court agrees with Magistrate Judge Smith that the Complaint is due to be dismissed[2] pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, the Court finds that the Complaint is due to be dismissed under § 1915(e)(2)(B)(i) as *frivolous*. "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). The Complaint easily meets this definition, and is therefore due to be dismissed without leave to amend. *See Davis v. Kvalheim*, 261 F. App'x 231, 233–235 (11th Cir. 2008) (affirming district court's *sua sponte* dismissal of

---

[2] The standard governing dismissal under § 1915(e)(2)(B)(ii) is identical to the standard applied to dismissal under Federal Rule of Civil Procedure 12(b)(6). *Weakley v. Connolly*, 714 F. App'x 972, 973 (11th Cir. 2018). To avoid dismissal, a complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint in this case, which is largely unintelligible, obviously fails to state a plausible claim.

frivolous complaint with prejudice).[3] Plaintiff's Objection fails to move the needle, as Plaintiff devoted that document to discussing irrelevant statutes, vaguely impugning the Court, and asking questions the Court need not and will not answer.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection to Report and Recommendation (Doc. 4) is **OVERRULED**.
2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 3) is **ADOPTED IN PART** and **MODIFIED IN PART** as identified above.
3. The Complaint is **DISMISSED WITH PREJUDICE**.
4. The Clerk of Court is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Orlando, Florida on July 7, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).